# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:14-cv-00749 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Archie Cranford ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action on May 19, 2014. He names the State of California, Coalinga State Hospital ("CSH"), and the County of Coalinga as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 21, 2014.

1

not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSH in Coalinga, California, where the events at issue occurred.

Plaintiff's complaint does not contain many factual allegations.  He states that he is a 59-year old disabled male citizen residing at CSH.  He states that he suffered injuries while in custody pending civil commitment proceedings.  Plaintiff alleges violations of his civil rights, the Americans with Disabilities Act ("ADA") and the Religious Freedom Restoration Act ("RFRA") between May 20, 2013, and February 26, 2014.

Plaintiff contends that Defendant County of Coalinga is responsible for promulgating and implementing policies for CSH to maintain the health and safety of CSH residents.  He contends that Defendants are responsible for ensuring that civil detainees are afforded constitutionally adequate housing, security, hygiene supplies and medical services.

Plaintiff cites an enclosed medical document purporting to show an injury to his spine after an apparent assault.  However, there are no exhibits attached to his complaint.  He states that he is

still in danger after the assault, and that Defendants have failed to follow procedure in providing Plaintiff with a secure and safe living environment.

### C. ANALYSIS

#### 1. Rule 8

As noted above, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Here, Plaintiff's complaint contains little, if any, relevant factual allegations. Although it appears he contends that he was assaulted and sustained an injury to his spine, he does not provide any facts surrounding the events at issue. Without such facts, Plaintiff's complaint fails to satisfy Rule 8.

Moreover, Plaintiff cites to an exhibit to further explain his claims, but there are no exhibits attached to his complaint. Plaintiff is advised that while he may support his claims with exhibits, the inclusion of those exhibits does not relieve him of his duty to set forth factual allegations linking each Defendant to actions or omissions which he believes demonstrate a violation of his rights.

The Court will permit Plaintiff to amend, and provides the following standards for Plaintiff's information.

#### 2. State of California and CSH[2]

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for

---

[2] While a state or local entity may be the proper Defendant in actions brought under the ADA, Plaintiff has not set forth any facts to suggest a violation of the ADA, as discussed below.

3

prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Accordingly, Plaintiff may not maintain an action in federal court against the State of California. Moreover, because CSH is part of the California Department of State Hospitals, which is a state agency, it is also entitled to Eleventh Amendment immunity from suit.

### 3. County of Coalinga

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff cites rules and regulations created by the County of Coalinga, he fails to provide sufficient factual detail to state a claim.

### 4. Conditions of Confinement

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23.

The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Again, Plaintiff's vague allegations of an assault and constitutionally deficient living conditions do not state a claim. If Plaintiff chooses to amend, he should keep the above standards in mind.

5.   ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such

exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities at CSH by reason of his disability.

      6.    RFRA

Plaintiff also alleges that his rights were violated under RFRA, but RFRA was ruled unconstitutional in 1997 as applied to states. City of Boerne v. Flores, 521 U.S. 507, 536, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); Navajo Nation v. United States. Forest Service, 535 F.3d 1058, 1067 n. 10 (9th Cir.2008). The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") has since replaced RFRA. See San Jose Christian College v. Morgan Hill, 360 F.3d 1024, 1033-34 (9th Cir.2004) ("RLUIPA 'replaces the void provisions of RFRA' ... and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

Plaintiff wholly fails to allege any facts demonstrating a substantial burden on the exercise of his religious beliefs.

## D.   CONCLUSION AND ORDER

The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. **Plaintiff's amended complaint SHALL be limited to 25 pages, excluding exhibits; and**

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **November 6, 2014**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE