# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 1:14-cv-00749 DLB PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Archie Cranford ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action on May 19, 2014. Pursuant to Court order, he filed a First Amended Complaint on January 15, 2015, and a Second Amended Complaint on June 29, 2015. He names the State of California as the sole Defendant.[1]

## A. LEGAL STANDARD

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 21, 2014.

(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## B. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue occurred.

Plaintiff alleges that in 2014, he was assaulted by other patients while standing in line to receive his morning medication. He contends that there were several state employees present at the time, but they did not make any effort to stop the attack or protect Plaintiff.

Plaintiff contends that he has a right to be protected from physical harm and that the employees should have summoned help. Rather than sound their personal alarms, they stood by and watched the assault take place. As a result, Plaintiff was injured.

## C. ANALYSIS

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). The substantive component of the Due Process Clause protects civil detainees from unconstitutional

conditions of confinement, and Plaintiff has a right to personal safety while in state detention. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23.

The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

In the Court's prior screening order, the Court explained that Plaintiff, who did not identify any individual Defendants, had to allege facts to connect a named Defendant to the actions complained of. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998). The Court also explained that while Plaintiff may be able to ultimately state a claim for failure to protect, he did not include enough facts about when the incident occurred.

Plaintiff has failed to correct these deficiencies. His failure to name any individual Defendant, combined with his failure to provide specific information about the event to permit a named Defendant to understand the claims, is fatal to his cause of action.[2] Moreover, at least one

[2] Plaintiff does not name any Doe Defendants.

named Defendant is required for service and to move this action forward. It is Plaintiff's responsibility to obtain the names of at least one Defendant and prosecute this action.

Insofar as Plaintiff names the State of California, the Court has already explained that the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Plaintiff's Second Amended Complaint was his second attempt, after receiving instruction from this Court, to state a claim and name individual Defendants. The Court's prior screening order indicated that this would be his final opportunity.

**D. CONCLUSION AND ORDER**

For the reasons stated above, this action is DISMISSED. The dismissal will be WITHOUT PREJUDICE to Plaintiff filing a new action if he discovers the names of the individuals involved in the incident.

IT IS SO ORDERED.

Dated: **November 3, 2015**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE